**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

**DELANO WILSON,**

       **Plaintiff,**

**v.**                                                            **Civil Action No. 1:24-cv-83**
                                                                 **Judge Thomas Kleeh**

**UPPER CRUST FOOD SERVICE LLC,**
**a Missouri Corporation,**

       **Defendant.**

### DEFENDANT'S ANSWER

Answering Plaintiff Delano Wilson's ("Plaintiff's") Complaint, Defendant Upper Crust Food Service, LLC ("Defendant") states as follows:

1. Defendant admits that Plaintiff began working for Defendant on or about October 26, 2020, as a chef. Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff cooked and cleaned in the kitchen and would sometimes be by himself. Defendant admits that Plaintiff's time records speak for themselves. Defendant denies any remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that the agreement in August 2021 regarding Plaintiff's pay provided for a set amount of pay per week and that Plaintiff was an hourly non-exempt employee, not a salaried exempt employee. Defendant lacks information sufficient to form a belief as to whether Alero may have referred to the pay as a "salary" during conversation, and

must therefore deny that allegation. Defendant denies any remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the agreement specified overtime, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff's time records speak for themselves, and that Plaintiff did sometimes work approximately 50 hours in a week. Defendant denies any remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies that Grayson Krieger became Plaintiff's direct supervisor on September 11, 2022, but otherwise admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies that Matt Berardi was the "regional manager" at the time, but otherwise admits the allegations contained in Paragraph 11 of the Complaint.

12. Upon information and belief, Defendant admits that Plaintiff suffered an injury as described in an Upper Crust Incident Report, but lacks information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of the Complaint, and must therefore deny the same.

13. Upon information and belief, Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks information sufficient to form a belief as to the validity of the allegations contained in Paragraph 14 of the Complaint, and must therefore deny the same.

15. Defendant admits that Plaintiff turned in his company iPad to his direct supervisor, Grayson Krieger, so that the substitute chef could have the iPad. Defendant lacks information sufficient to form a belief as to the remaining allegations contained in Paragraph 15 of the Complaint, and must therefore deny the same.

16. Defendant admits that, at some point, Plaintiff notified Krieger that he would be off work until at least October 4, 2022. Defendant denies any remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that, at some point, Plaintiff provided a copy of a work excuse to Krieger. Defendant denies any remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies that both events occurred on the same day, but otherwise admits the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Upon information and belief, Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Upon information and belief, Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant lacks information sufficient to form a belief as to the validity of the allegations contained in Paragraph 22 of the Complaint, and must therefore deny the same.

23. Defendant lacks information sufficient to form a belief as to the validity of the allegations contained in Paragraph 23 of the Complaint, and must therefore deny the same.

3

24. Defendant lacks information sufficient to form a belief as to the validity of the allegations contained in Paragraph 24 of the Complaint, and must therefore deny the same.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits that Grayson and Berardi discussed with Plaintiff various faults they assessed against Plaintiff's job performance, but denies any remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations "morphed," but admits that Plaintiff asked questions and that Grayson and Berardi also discussed with Plaintiff that members of the fraternity had expressed dissatisfaction with Plaintiff's performance. Defendant denies any remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks information sufficient to form a belief as to whether Plaintiff was bewildered and, therefore, must deny those allegations. Upon information and belief, Defendant admits the remaining allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies that Grayson and Berardi stated the position had already been filled, but otherwise admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant lacks information sufficient to form a belief as to the validity of the allegations contained in Paragraph 32 of the Complaint, and must therefore deny the same.

33. Defendant lacks information sufficient to form a belief as to the validity of the allegations contained in Paragraph 33 of the Complaint, and must therefore deny the same.

34. Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, and must therefore deny the same.

35. Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint, and must therefore deny the same.

36. Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint, and must therefore deny the same.

37. Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint, and must therefore deny the same.

38. Upon information and belief, Defendant admits the allegations contained in Paragraph 38 of the Complaint.

## COUNT I – DISABILITY DISCRIMINATION

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits that dates of events speak for themselves. Defendant denies any remaining allegations contained in Paragraph 41 of the Complaint.

42. The allegations contained in Paragraph 42 of the Complaint are conclusions of law for which no responsive pleading is required.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant admits that part of the stated reasons for Plaintiff's termination were that members of the fraternity expressed dissatisfaction with Plaintiff's performance, but otherwise denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies any and all allegations contained in the Complaint that were not specifically admitted in this Answer.  Defendant also denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" paragraph following Paragraph 47.

**AFFIRMATIVE DEFENSES**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

Plaintiff fails to state a claim upon which relief can be granted, and his Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

Plaintiff was not a qualified individual with a disability.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred by the applicable statute of limitations.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

Defendant at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, such damages or losses were the result of, and caused by, Plaintiff's own conduct or omissions.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered any damages and/or losses, which Defendant denies, the damages and/or losses were proximately and directly caused by Plaintiff or by the actions and/or omissions of some person, persons, or entity other than Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, are the direct and proximate result of a non-foreseeable, superseding, and/or intervening cause or event for which Defendant had no responsibility or liability and over which Defendant had no control.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is entitled to have any fault that proximately caused or contributed to the damages of which Plaintiff complains, if any, apportioned among those responsible.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff from other persons or entities with respect to the same alleged injuries.  Defendant is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, unjust enrichment, laches, accord and satisfaction, and avoidable consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the relief sought exceeds that authorized by law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he seeks damages in excess of the caps on damages under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages and/or wage losses, if any. In addition, Plaintiff's damages and/or wage losses, if any, should be reduced by any and all interim earnings and additional amounts that Plaintiff did earn or could have earned in the interim if he had satisfied his duty to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Should discovery uncover a separate dischargeable offense, Defendant reserves the right to rely upon the after-acquired evidence doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant denies that it violated any state and/or federal statutes, laws, rules, and regulations, including, but not limited to, any state and/or federal statute, law, rule, or regulation alleged, alluded to, or identified by Plaintiff in his Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

All actions taken and decisions made by Defendant regarding Plaintiff were carried out for legitimate, justified, and nondiscriminatory reasons without any malice, viciousness, or impropriety.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that discriminatory or otherwise illegal actions may be found to have been taken by a supervisory or managerial agent of Defendant, which Defendant denies, such decisions were contrary to Defendant's good faith efforts to prevent such actions in the workplace.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks a good faith factual basis for his claims in whole or in part, thereby entitling Defendant to an award of attorney fees, costs, and expenses incurred in defending this action.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any attorney's fees as alleged in his Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent supported by discovery or further investigation, Defendants reserve the right to assert any third-party complaints and/or crossclaims against any other party, entity, or person that may be liable, in whole or in part, to Defendants or Plaintiff for the alleged damages suffered by Plaintiff, including, but not limited to, claims for contribution and/or indemnification.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the United States Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1992).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to all defenses and immunities available under federal or state constitutional, statutory, and decisional law including, but not limited to, any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

## <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Defendant reserves the right to amend this Answer to add additional affirmative defenses or counterclaims which may become known during discovery.

**WHEREFORE**, Defendant requests that this action be dismissed with prejudice and that Defendant be awarded its costs incurred in defense thereof, together with such other and further relief deemed necessary and appropriate.

**UPPER CRUST FOOD SERVICE LLC,**

By Counsel.

*/s/ Brian J. Moore*
Brian J. Moore (WV State Bar # 8898)
DINSMORE & SHOHL LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV 25339-1887
Telephone:  (304) 357-0900
Facsimile:   (304) 357-0919
Email:  brian.moore@dinsmore.com

10

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA
### AT CLARKSBURG

**DELANO WILSON,**

     **Plaintiff,**

**v.**                                                                      **Civil Action No. 1:24-cv-83**
                                                **Judge Thomas Kleeh**

**UPPER CRUST FOOD SERVICE LLC,**
**a Missouri Corporation,**

     **Defendant.**

## CERTIFICATE OF SERVICE

I, Brian J. Moore, hereby certify that on the 18th day of November, 2024, I electronically

filed the foregoing ***Defendant's Answer*** with the Clerk of the Court using the CM/ECF system,

which electronically sends notice upon all counsel of record.

Kirk Auvil
Walt Auvil
Employment Law Center, PLLC
1208 Market Street
Parkersburg, WV 26101
*Counsel for Plaintiff*

                                 */s/ Brian J. Moore*
                                 Brian J. Moore (WV State Bar # 8898)